UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Quintin M. Littlejohn, | ) | **C/A No. 7:10-2075-RBH-KFM** |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **Report and Recommendation** |
| Kathy J. Littlejohn Byers; James H. Byers, Sr.; James H. Byers, Jr.; James Byers; Peggy T. Littlejohn Whittenburg, | ) | |
| Defendants. | ) | |

### *Background of this Case*

The plaintiff is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).[1] The plaintiff was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. The plaintiff currently resides in Gaffney, South Carolina. The defendants are, apparently, private citizens and relatives of the plaintiff.

The complaint indicates that real property is at issue in this case. Although it appears that the property at issue in this case is located in Cherokee County, the estate was, apparently, probated in the Probate Court for Richland County. The plaintiff appears to be alleging the defendants' current use of the property constitutes a public nuisance.

---

[1]The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton*, President of the United States, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the plaintiff's pleadings for docket control purposes.

The plaintiff also appears to be seeking a court order allowing him to purchase the property in question.

### *Discussion*

The plaintiff is a *pro se* litigant, proceeding pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The defendants are subject to summary dismissal because they have not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A private individual or entity can act under color of state law if willfully participating in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). However, purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth

2

Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). Here, no allegations are presented to suggest that the defendants acted under color of state law, so an action under 42 U.S.C. § 1983 fails.

To the extent the plaintiff alleges state law causes, these claims fail for lack of diversity. A state law cause of action is cognizable in this federal court if complete diversity exists between the parties and the amount in controversy is in excess of $75,000.00. 28 U.S.C. § 1332. Complete diversity exists when no party on one side is a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Since the action involves only parties from South Carolina, diversity is not present in this case, and the plaintiff's state law causes of action cannot be maintained in federal court.

Subsequent to the filing of the complaint, the plaintiff submitted a motion captioned as a motion for summary judgment *and* motion to dismiss (Entry No. 6). In that motion, the plaintiff seeks a dismissal "due to Defendants being both mentally insane and lack of litigation and Aloe Creme Lab., Inc. v. Francine, Co., 425 F.2d 1295, 1996 (5th Cir.)." The plaintiff is citing *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295 (5th Cir. 1970), where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories*, 425 F.2d at 1296. It is possible that the plaintiff is referring to this court's earlier adjudication of a case involving a Probate Court matter, *Quintin M. Littlejohn v. Mary Elnora Manning Littlejohn*, Civil Action No. 6:07-0007-RBH-WMC, which

3

was dismissed *without prejudice* on February 26, 2007. As this case is subject to summary dismissal, the plaintiff's motion is moot.

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915; and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). It is also recommended that the plaintiff's motion for summary judgment/motion to dismiss (Entry No. 6) be terminated as **moot.** The plaintiff's attention is directed to the important Notice on the next page.[2]

August 10, 2010　　　　　　　　　　　　　　　　　　s/Kevin F. McDonald
Greenville, South Carolina　　　　　　　　　　　　　United States Magistrate Judge

---

[2]The Federal Station Post Office on the first floor of the United States Courthouse in Greenville, South Carolina, will permanently close on September 4, 2010. Hence, correspondence addressed to the Clerk's Office in Greenville should now be sent to Clerk's Office, United States District Court, 300 East Washington Street — Suite 239, Greenville, South Carolina 29601.

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
300 East Washington Street — Suite 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).